UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANETIRONY CLERVRAIN                          CIVIL ACTION NO.

VERSUS                                                    21-345-SDD-EWD

JOHN BEL EDWARDS, ET AL.

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 11, 2022.

                                                   **ERIN WILDER-DOOMES**
                                                   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MANETIRONY CLERVRAIN                          CIVIL ACTION NO.

VERSUS                                        21-345-SDD-EWD

JOHN BEL EDWARDS, ET AL.

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

This case is just another stop in Plaintiff Manetirony Clervrain's four-year tour of this nation's district and appellate courts. As other courts have noted, Plaintiff has filed over 216 actions[1] in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine.[2] Plaintiff's tour has taken him to every federal circuit court,[3] the United States Judicial Panel on Multidistrict Litigation,[4] and even the Supreme Court of the United States.[5] The decisions dismissing Plaintiff's claims under 28 U.S.C. § 1915 as legally frivolous and/or for failure to state a claim upon which relief may be granted are legion, and the undersigned recommends that this Court join the numerous other courts and dismiss with prejudice Plaintiff's claims here on those same grounds. Further, if leave to amend is sought, it should be denied as the record shows that any amendment would be futile.

**I.    BACKGROUND**

Plaintiff, who appears to be a "former federal prisoner…currently detained pending removal

---

[1] *See Clervrain v. Dimon*, No. 21-2918, 2021 WL 6551107, at *1, n.1 (noting (1) that Plaintiff is a "restricted filer in this Court due to his vexatious and excessive litigation," and (2) that a "PACER search reveals that in the last four years, Plaintiff has filed 216 federal cases, including cases in all thirteen Courts of Appeals and countless District Courts.").

[2] This count includes suits filed in federal district courts in Alaska, Alabama, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Indiana, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Utah, Virginia, West Virginia, and Wisconsin, as well as the District of Columbia (last checked Feb. 10, 2022).

[3] *Dimon*, 2021 WL 6551107, at *1, n.1.

[4] *See In re Manetirony Clervrain Litigation*, 383 F.Supp.3d 1354 (JPML Oct. 3, 2018) (denying Plaintiff's "motion to centralize eleven actions against United States, Bureau of Prisons (BOP), and various federal officials.").

[5] *See Clervrain v. United States*, 140 S.Ct. 2689 (2020) (denying Plaintiff's Petition for Writ of Certiorari).

in a federal facility in Oklahoma," is a prolific litigant.[6] In this Court, Plaintiff, acting *pro se* and attempting to act *in forma pauperis*, filed a "Motion for ['Judicial Intervention(s)'] and Clarification Necessary by Invoking the Movement(s) on Crimes Mitigating Act ('MOCMA')" and a "Motion for ['Prompt Notices(s)'] or ['Their Expertise Act'] ('TEA'), or Opinion(s) by the National Issues Regulatory Treaties Act ('NIRTA')."[7] The allegations in these documents are collectively construed as a Complaint. Plaintiff also filed a "Motion for Mitigating Financial Burden or ('IFP') Constitutional Issues by Massive Issues ['Right Aggravated'] Treatment Act,"[8] which is construed as a Motion to Proceed *In Forma Pauperis* ("IFP Motion").

This action, similar to others brought by Plaintiff, "seems to stem from [Plaintiff's] time in federal prison, his denial of United States citizenship, and his impending deportation."[9] Plaintiff's Complaint, which he filed not just individually, but purportedly on behalf of a putative class, is a "rambling civil Pleading that seems to assert that he and other class members (described as the 'Protected Class') are being exposed to genocide," mass incarceration, mass deportation, apartheid, and other secretive crimes by a "criminal enterprise" involving numerous federal agencies, "among an array of otherwise largely incomprehensible allegations."[10] Plaintiff's Complaint is littered with

---

[6] *Clervrain v. Raimondo*, No. 20-535, 2021 WL 149073, at *1 (D.R.I. Jan. 1, 2021) (citations omitted). Although Plaintiff's background is not particularly relevant here, at least one court tried to succinctly summarize it as follows: "It appears that [Plaintiff] is a native and citizen of Haiti and was admitted to the United States as a permanent resident in 1997. [He] applied for naturalization while living in Florida, but his application was denied due to 'poor moral character' based on two prior convictions of third-degree felonies. On September 2011, [Plaintiff] was convicted of conspiracy to commit mail and wire fraud, and conspiracy to commit wire and bank fraud. [He] was sentenced to 108 months imprisonment with the Bureau of Prisons ('BOP') and was released on August 29, 2019. During [his] imprisonment, the United States Department of Homeland Security initiated removal proceedings against him on April 2, 2019, supported by conviction of an aggravated felony." *Clervrain v. Porrino*, No. 21-5462, 2021 WL 4129481, at *1 (D.N.J. Sept. 8, 2021) (internal citations omitted). Regardless, as other courts have noted, it is nearly impossible to determine Plaintiff's status from his filings. Currently, he is using a mailing address of 4326 S. Scatterfield Road, Suite 153, Anderson, Indiana, which appears to be the address of a UPS store in Anderson. *See also Clervrain v. Duran*, No. 20-1329, 2021 WL 3674783, at n.1 (D. New Mexico Aug. 19, 2021) (noting same).

[7] R. Docs. 1 & 3.

[8] R. Doc. 2.

[9] *Porrino*, 2021 WL 4129481, at *2. *See also* R. Docs. 1 & 3.

[10] *See, e.g.*, *Raimondo*, 2021 WL 149073, at *1, compared with R. Docs. 1 & 3.

citations to statutes, regulations, and case law—some real and some apparently figments of Plaintiff's imagination, as no such federal statutes or regulations exist under those names.[11] Consistent with his pattern in other cases, Louisiana Governor John Bel Edwards ("Governor Edwards") is the sole named defendant with all others identified simply by the designation "et al."[12] Plaintiff makes no attempt to explain how Governor Edwards is "conceivably responsible for whatever constitutional or federal statutory injury he is alleging."[13] Lastly, in his 8-page "Prayer for Relief(s)," Plaintiff requests (1) "general damages in light of the circumstances to terminate the illegal removal procedures," (2) that "the immigration court of Texas…transfer this [sic] cases to the appropriate jurisdiction in Indiana," (3) "the vacatur of his conviction for the exposed criminal activities as well as for all of his Immediate family to be admitted to the United States," and (4) "national reliefs against mass deportations."[14]

## II.    LAW AND ANALYSIS

### A.    Plaintiff's IFP Motion Will Be Granted

28 U.S.C. § 1914 requires all parties instituting any civil action, suit, or proceeding in a district court of the United States, except for an application for a writ of habeas corpus, to pay a filing fee of $350, as well as an administrative fee.[15] IFP status allows a party to avoid these costs. While one need

---

[11] *See, generally*, R. Docs. 1 & 3. For example, there are no federal statutes or regulations titled (1) "The Ant Movement Act (TAMA)", (2) the "Movements on Crimes Mitigating Act (MOCMA)", (3) the "National Issues Regulatory Treaties Act (NIRTA)," or the "Right Issues Police Alert Technology Act (RIPATA)." R. Doc. 1, pp. 1-2, 94. Relatedly, while Plaintiff references numerous actual federal statutes, such as the Administrative Procedure Act ("APA"), the Freedom of Information Act ("FOIA"), and the Copyright Act, it is unclear whether Plaintiff meant to invoke these acts, as he does not cite any particular statutory provision and only references the acts generally. R. Doc. 1, pp. 1-2. However, even if Plaintiff intended to invoke these acts, he still entirely fails to explain whether he has a private cause of action under these acts, how these acts apply to his case, or how the sole named defendant, Louisiana Governor John Bel Edwards, violated Plaintiff's rights under these acts.

[12] R. Docs. 1 & 3.

[13] *See Raimondo*, 2021 WL 149073, at *1, compared with R. Docs. 1 & 3.

[14] R. Doc. 1, pp. 302-309. Notably, Plaintiff has requested the exact same relief from the Lieutenant Governor of Mississippi in another 311-page Complaint filed in U.S. District Court for the Northern District of Mississippi. *See Clervrain v. Hosemann*, No. 21-147, 2021 WL 5411545, at *2 (N.D. Miss. Oct. 28, 2021) (recommending dismissal of Plaintiff's complaint as frivolous and recommending that his application to proceed *in forma pauperis* be denied as moot).

[15] Currently, the total civil filing fee in this district is $402. *See* U.S. District Court for the Middle District of Louisiana Fee Schedule, available at https://www.lamd.uscourts.gov/fee-schedule (last accessed Feb. 10, 2022).

not be absolutely destitute to qualify for IFP status, such benefit is only allowed when a movant cannot pay filing costs and remain able to provide for himself and his dependents.[16] According to Plaintiff's IFP Motion, he has no monthly income, while his spouse earns $2,320 per month.[17] However, Plaintiff and his spouse's monthly bills total just under $2,800.[18] Plaintiff lists no other source of income or assets, besides about $1,000 in a joint checking account and a vehicle.[19] Plaintiff also indicates that he has three dependent children.[20] He does not expect any major changes to his income, expenses, assets, or liabilities in the next 12 months.[21] This information demonstrates that Plaintiff does not have sufficient resources available to pay the filing fee; therefore, Plaintiff's IFP Motion will be granted.

    **B.    Plaintiff's Complaint Should be Dismissed under 28 U.S.C. § 1915(e)(2)(B) Because It is Legally Frivolous and Fails to State a Claim.**

        *1.    Standard for Dismissal Under 28 U.S.C. § 1915*

Pursuant to 28 U.S.C. §§ 1915(e), this Court is authorized to dismiss an action at any time by any plaintiff proceeding IFP, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[22]

To determine whether a complaint fails to state a claim under § 1915(e), courts apply the same

---

[16] *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); s*ee also, Ryan v. Ramsey*, 936 F.Supp. 417, 425 (S.D. Tex. Aug. 1, 1996), citing *Adkins*, 335 U.S. at 339.

[17] R. Doc. 2, pp. 19-20.

[18] *Id*. at pp. 20-21.

[19] *Id*. at pp. 19-20.

[20] *Id.* at p. 20.

[21] *Id*. at p. 22.

[22] Section 1915(e)(2) applies equally to prisoner and nonprisoner IFP cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205–206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to § 1915(e)(2)). *See also Burden v. Sheriffs Office Concordia Parish*, No. 21-3274, 2021 WL 5630916, at *1 (W.D. La. Nov. 16, 2021); *Hosemann*, 2021 WL 5411545, at *1; *Suber-Wilson v. Ezra*, No. 20-1455, 2021 WL 3832822, at *2 (W.D. Tex. June 8, 2021); *Wiley v. Dept. of Energy*, No. 21-933, 2021 WL 6493002, at *2 and n.7 (E.D. La. June 2, 2021).

standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[23] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[26] While the screening process does give the court the rare power to "pierce the veil" of the factual allegations,[27] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[28] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[29] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[30]

### 2. *Analysis*

Although there are myriad reasons why Plaintiff's Complaint is frivolous and fails to state a claim, this Report will only address a few. Notwithstanding that it totals 572 pages,[31] Plaintiff's Complaint contains the same hallmarks/deficiencies that have doomed Plaintiff's actions in other courts, nearly all of which have been dismissed as legally frivolous and/or for failure to state a claim

---

[23] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6)).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[25] *Id*.

[26] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[27] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[28] *Denton*, 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[29] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[30] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[31] R. Doc. 1 (311 pages); R. Doc. 3 (261 pages).

under 28 U.S.C. § 1915. Most prominent is the fact that Plaintiff's Complaint appears to be "almost completely devoid of factual allegations."[32] Additionally, other hallmarks/deficiencies included here, and in Plaintiff's other actions, are (1) Plaintiff referring to himself as "The Activist," "The ANT," and "Deportable Alien";[33] (2) references to (a) numerous federal agencies; (b) topics, including apartheid, genocide, and mass deportation; (c) the cases he has filed in other federal courts; and (d) citations to real or imagined statutes, regulations, and case law;[34] and (3) a complaint, motion, or other pleading (a) that "lack[s] any connection to the forum state"[35] and (b) that is incoherent, incomprehensible, and indecipherable, among other fitting descriptions.[36] Additionally, and perhaps

---

[32] *See* R. Docs. 1 & 3. *See also, e.g., Clervrain v. Grimes*, No. , 2021 WL 3284798, at *2 (W.D. Ky. July 30, 2021) ("Plaintiff's original Motion and Amended Complaint appear to be almost completely devoid of factual allegations."); *Clervrain v. DeWine*, No. 21-1303, 2021 WL 5113224, at *1 (N.D. Ohio Nov. 3, 2021) ("Clervrain's pleading also fails to include any relevant factual allegations or assert any cognizable causes of action."); *Clervrain v. Sawyer*, No. 20-348, 2020 WL 3424893, at * (W.D. Mich. June 23, 2020) ("…[Plaintiff's] 208-page complaint is almost completely void of factual allegations.").

[33] *See* R. Doc. 1, pp. 1, 310. *See also, e.g.*, *Grimes*, 2021 WL 3284798, at *2; *Clervrain v. Rosado*, No. 20-389, 2021 WL 2036674, at *2, n.3 (N.D.N.Y. May 21, 2021).

[34] *See* R. Docs. 1 & 3. *See also, e.g.*, *Grimes*, 2021 WL 3284798, at *2 (noting that Plaintiff's Complaint "makes reference to the Federal Bureau of Prisoners, the governors of Minnesota and Utah, the Systematic Attack Prohibition Domestic Act, the Freedom of Information Act, the Prison Litigation Reform Act, the Immigration and Nationality Act, the Real ID Act, apartheid, genocide, Dr. Martin Luther King, mass deportation, and multiple actions he has filed in other United States district courts."); *Porrino*, 2021 WL 4129481, at *2 ("The instant matter seems to stem from his time in federal prison, his denial of United States citizenship, and his impending deportation. Plaintiff makes vague and conclusory allegations regarding domestic terrorism, apartheid, market manipulation, interstate commerce, mass deportation, racketeering conspiracies, genocide, the illegality of federal laws, the illegitimacy of the Constitution, and a conspiracy between lawmakers, government agencies, and private prisons."); *Sawyer*, 2020 WL 3424893, at *1 (noting that "Plaintiff's instant complaint appears to connect in some way to his removability status or immigration more generally. He references the Immigration and Nationality Act, the Freedom of Information Act, genocide, apartheid, the International Court of Justice, and the Vienna Convention without substantially connecting one to any other or why any relates to him. Likewise, he dedicates a substantial portion of the complaint to tables listing, among other people and things, his previous cases [], the four most recent presidents of the United States [], federal appellate judges [], and state secretaries of state [], but he fails to adequately explain the relevance of the listed people and things to this action.").

[35] *See* R. Docs. 1 & 3. *See also, e.g.*, *Duran*, 2021 WL 3674783, at *1 ("Plaintiff is a prolific litigator and has filed more than 100 cases in federal courts, most of which lack any connection to the forum state…"); *Clervrain v. Nielsen*, No. 20-603, 2021 WL 836872, at *1 (S.D. Ala. Feb. 4, 2021) ("At the outset, the Court notes that Clervrain's complaint appears to have no connection whatsoever to the Southern District of Alabama.").

[36] *See* R. Docs. 1 & 3. *See also, e.g.*, *DeWine*, 2021 WL 5113224, at *1 ("On July 6, 2021, Clervrain filed a very brief complaint containing disjointed, illogical statements, and it referenced a collection of "motions"…Clervrain's complaint and motions identified in Doc. Nos. 3, 4, 5, 6, and 7, which the Court will construe as one pleading, are composed entirely of meaningless rhetoric with seemingly random citations to real and nonexistent statutes, regulations, and case law."); *Hosemann*, 2021 WL 5411545, at *2 ("In fact, the 311-page Complaint is incomprehensible. It contains pages-long run-on sentences, disjointed statements with no apparent meaning, and citations to statutes that do not appear to exist.");

most importantly for review under § 1915, Plaintiff again names a single, state official—here, Governor Edwards—as the only defendant, "but makes no attempt to explain how [that official] is conceivably responsible for whatever constitutional or federal statutory injury he is alleging."[37]

Another district court, which recently addressed—and dismissed—one of Plaintiff's other actions, aptly described the insufficiencies as follows:

> In this case, the Court is completely unable to discern what facts or claims Plaintiff seeks to present in his complaint. While the complaint itself is typed and legible, the words often do not form coherent sentences, nor do they convey clear thoughts. Plaintiff has filed a number of similar suits in district courts throughout the country. *See e.g., Clervrain v. Nejen*, No. 20-cv-134, 2020 WL 2104934, 2020 U.S. Dist. LEXIS 78306 (N.D. Okla. May 1, 2020) ("motion for supplemental injustice adversely affected ['The Ants'] and for related matter for justification act ('TAJA')"); *Clervrain v. Wilson et al.*, No. 2:20-cv-2061, 2020 WL 1977392, 2020 U.S. Dist. LEXIS 72228 (W.D. Ark. Apr. 24, 2020) (same); *Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366 at *1, 2018 U.S. Dist. LEXIS 182340 at * 1 (D. Kan. Oct. 24, 2018) ("Mr. Clervrain has filed more than thirty cases in various federal courts across the country.) As other courts have stated, Plaintiff's complaints "contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief." *Clervrain v. Pompeo*, No. 4:20-cv-555-SRC, 2020 WL 1975083 at *2, 2020 U.S. Dist. LEXIS 72948 at *3 (E.D. Mo. Apr. 24, 2020) (quoting *Clervrain v. Coraway*,

---

*Clervrain v. Johns*, No. 18-38, 2021 WL 4783631, at * 1(S.D. Ga. Oct. 13, 2021) ("Indeed, Plaintiff's Motion is largely incomprehensible."); *Clervrain v. Wilson*, No. 20-2061, 2020 WL 1977392, at * (W.D. Ark. Apr. 24, 2020) ("The body of [Plaintiff's 212-page Complaint] is unintelligible and contains no factual allegations…It is impossible to determine what type of claims Plaintiff is bringing and against whom they are brought. The Court can infer no plausible claims from Plaintiff's 212 pages of jabberwocky."); *Rosado*, 2021 WL 2036674, at *2, n.3 (citing *Wilson*, 2020 WL 1977392, at *2, and noting that "[t]he pleadings presented to this Court are no clearer…In sum, his complaint, while perfectly legible, is entirely nonsensical."); *Porrino*, 2021 WL 4129481, at *1 (Plaintiff's submissions consist of seemingly random citations to statutes, regulations, and case law with no apparent connection to any cognizable legal claims. Plaintiff includes many excerpts from prior judgments from other cases, which Plaintiff seems to contest in his submissions to this Court. Ultimately, Plaintiff's submissions are largely unintelligible, indecipherable, and require a review of other Court's orders and opinions to decode Plaintiff's requested relief.").

[37] *See* R. Doc. 1, p.1 (caption), & R. Doc. 3, p. 1 (caption) and p. 32 (table). Notably, these are the only mentions of Governor Edwards in the Complaint. *See also, e.g., Raimondo*, 2021 WL 149073, at *1 ("Consistent with his pattern in other cases, Plaintiff names as the only defendant a Rhode Island state official, Governor Gina Raimondo, but makes no attempt to explain how the Governor of Rhode Island is conceivably responsible for whatever constitutional or federal statutory injury he is alleging."). *See, e.g., Clervrain v. Herbert*, No. 20-880, 2020 WL 7714735, at *1 (D. Utah Dec. 29, 2020) ("the governor of Utah – the only respondent named – cannot possibly have the authority to release Petitioner from a detention facility in Oklahoma"; dismissed for failure to state a claim); *Clervrain v. Benner*, 20-513, 2020 WL 7632142, at *1 (D. Neb. Dec. 22, 2020) ("Plaintiff…neglects to describe the Defendant, his place of residence, his actions or inaction, and how he constitutionally harmed Plaintiff"; dismissed as frivolous); *Clervrain v. Marin*, No. 20-295, 2020 WL 5408581, at *2-3 (S.D. Cal. Sept. 9, 2020) (plaintiff names former state official from elsewhere as defendant, "but does not explain who [he] is, where he resides, or what constitutional injury he had inflicted"; dismissed as frivolous).

>No. 3:18-cv-819-G-BN, 2018 WL 6313216 at *2, 2018 U.S. Dist. LEXIS 204942 at *3 (N.D. Tex. Nov. 9, 2018)).
>
>Because the court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact. Moreover, Plaintiff's complaint presents a variety of rambling and incoherent claims in violation of the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, ... the Court is unable to find that a cause of action has been alleged, much less that such cause lies against Defendant[s].[38]

Like his other cases, Plaintiff's Complaint here is an indecipherable hodgepodge of references to real and imagined laws with few, if any, facts alleged. Further, Plaintiff's claims of a vast conspiracy among various federal agencies to foster apartheid, genocide, mass incarceration, and mass deportation under several acts that do not exist with no explanation as to how Governor Edwards had any role in this vast conspiracy are the kinds of claims that are considered utterly devoid of merit.[39] Therefore, it is recommended that Plaintiff's action be dismissed with prejudice as legally frivolous and for failure to state a claim on which relief may be granted pursuant to § 1915(e).

Further, Plaintiff should not be given an opportunity to amend his claims. While *pro se* litigants are normally afforded an opportunity to amend their complaint before dismissal, leave to amend is not required if the plaintiff has already pleaded his best case or if any amendment would be futile.[40] Here, as evidenced by the multitude of similar claims that have already been dismissed by courts throughout the country, any amendment would be futile. Because of the recommendation that Plaintiff's action be dismissed, Plaintiff's pending motions, to the extent they can be construed as

---

[38] *Sawyer*, 2020 WL 3424893, at *2.

[39] *See Atakapa Indian de Creole Nation v. State of Louisiana, et al.*, 943 F.3d 1004, 1005 (5th Cir. 2019) (dismissing for lack of subject matter jurisdiction the plaintiff's claims that defendants [ranging from Pope Francis to the presidents of several countries to then U.S. Attorney General Jeff Sessions] had monopolized "intergalactic foreign trade.").

[40] *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted); *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

8

motions rather than Plaintiff's Complaint, will be terminated as moot without prejudice to re-urging if the recommendation for dismissal of his claims is not adopted.

III. **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff Manetirony Clervrain's action be **DISMISSED WITH PREJUDICE** as legal frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e).[41]

If sought, **IT IS RECOMMENDED** that further leave to amend be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter could not be taken in good faith.

## ORDER

For the reasons stated herein, **IT IS ORDERED** that "Motion for Mitigating Financial Burden or ("IFP") Constitutional Issues by Massive Issues ["Right Aggravated"] Treatment Act,[42] which is construed as a Motion to Proceed *In Forma Pauperis* ("IFP Motion"), filed by Plaintiff Manetirony Clervrain, is **GRANTED**.

**IT IS FURTHER ORDERED** that any pending motions,[43] to the extent they can be construed as motions rather than Plaintiff's Complaint, are **TERMINATED AS MOOT**, without prejudice to re-urging if the recommendation to dismiss Plaintiff's claims is not adopted.

Signed in Baton Rouge, Louisiana, on February 11, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] This recommendation does not affect the rights of Plaintiff's purported putative "class." Plaintiff, as a "non-lawyer *pro se* litigant, also lacks the authority and competency to pursue claims on behalf of a class *pro se*." *McCollum v. Dallas County Jail Systems*, No. 21-900, 2021 WL 4483512, at *3 (N.D. Tex. Sept. 10, 2021).

[42] R. Doc. 2.

[43] R. Docs. 1, 2, and 3.